## In re BRANNAN'S ESTATE.

## S. F. No. 655; December 16, 1897.

### 51 Pac. 320.

**Executors—Petition to Sell Land.**—Legatees presenting a verified petition for the sale of testator's land need not prove the allegations of the same, where they are not denied by answer.

**Executors—Sale of Land—Evidence.**—A Contention that certain allegations in a petition to sell a testator's land were not proved cannot be sustained where they were matters which appeared from the papers on file in the case, to which the attention of the court was called.

**Executors—Sale of Land.**—Where Testator's Land was Leased for a certain period, an executrix cannot object to a sale thereof before the expiration of the lease, to pay debts and legacies, on the ground that it would cause a loss of the rents, if they would not greatly exceed the interest on such debts and legacies.

**Executors—Sale of Land.**—An Objection That, on Account of the depreciated value of testator's property, a sale thereof would be to the damage of the residuary legatees, cannot be interposed against a petition for an order directing the executrix to sell, as the objection can be considered, under Code of Civil Procedure, section 1552 et seq., only when the sale comes up for confirmation.

**Executors—Sale of Land Subject to Lease.**—An executrix may be directed to sell testator's property, subject to an existing lease for a term of years, giving the lessee an option to purchase at the end of the term, where the lease does not prohibit a sale during the term.

APPEAL from Superior Court, City and County of San Francisco; James V. Coffey, Judge.

In the matter of the estate of Thomas J. Brannan, deceased, an order was made directing the executrix to sell certain lands, and she appeals. Affirmed.

E. N. Deuprey for appellant; E. J. Pringle for respondents.

BELCHER, C.—The court below made an order on April 24, 1896, authorizing and directing the executrix of the last will and testament of Thomas J. Brannan, deceased, to sell at public auction a certain described lot of land in the city of San Francisco, belonging to the estate of the deceased, for

the purpose of paying the debts and legacies of said deceased. From that order this appeal is prosecuted by the executrix.

It appears that Mary James, Margaret Brannan, John Brannan and William Brannan, legatees under the will of said decedent, presented a verified petition to the court below asking for a sale of the said lot. The petition stated all the facts required by section 1537 of the Code of Civil Procedure, and, among other things, that the will of the decedent was admitted to probate in said court on the thirtieth day of April, 1894, and on the same day letters testamentary were issued to the appellant, Johanna Manseau, as the executrix thereof; that notice to creditors was duly given, and the time for presenting claims against the estate had expired; that the inventory and appraisement of the estate was filed June 5, 1894, and the first annual account of the executrix was filed January 3, 1895, from which it appeared that the amount of personal property that had come into the hands of the executrix was $4,269.81; that the second annual account of the executrix was filed in February, 1896, and the amount of personal property then remaining in her hands undisposed of was $3,147.25; that the debts outstanding to be paid out of the estate amounted to $792; that the debts, expenses and charges of administration, accrued and paid by the executrix, amounted to $641.33; that the legacies given to the legatees, who were named, amounted to $5,450, and that appellant was made residuary legatee; that decedent died seised of the said lot of land, and the same was rented under a term lease for five years, at the monthly rental of $40, which lease would expire on the twenty-third day of March, 1899, with the privilege of purchase, at the expiration thereof, by the lessees for the sum of $8,000; that the appraised value of said lot was $5,000, and a sale of the same was necessary to pay the legacies and remaining expenses and charges of administration; that the decedent was an unmarried man, and since his death the estate had not acquired any interest in any other real property; that third parties had represented to petitioners that they were ready and willing to buy said real property at a price not disproportionate to its value, and to comply with and make their offers in accordance with the terms of sections 1549 and 1550 of the Code of Civil Procedure; and that said third parties had made known their said offers to the executrix, through her attorney, and she had refused

and neglected to apply for an order of sale of said property in accordance with the terms of section 1537 of said code. The answer of the executrix to the said petition denies that third parties had represented to the petitioners that they were willing to buy said real property at a price not disproportionate to its value, or otherwise to comply with or make their offers in accordance with the terms of sections 1549 and 1550 of the Code of Civil Procedure, and alleged that an offer of $6,000 for said real estate had been communicated to her, and that, as executrix, she refused and neglected to accept the same, for the reason that the said property, as she was advised, was of the value of $8,000; that, as stated in the petition, the property was under lease to and including the twenty-third day of March, 1899, at a monthly rental of $40, with the privilege of purchase by the lessees for the sum of $8,000, and to make a sale thereof at the present time would incur a direct loss to the estate of $1,400 in rentals and $2,000 in depreciation of value, or a total of $3,400. The answer further alleged that she refused to accept any offer coming through the petitioners of an amount that would be so great a decrease of the value of the estate and unlawful waste thereof, and, furthermore, that, as executrix of the estate, she had no right or privilege to violate the terms of the lease then existing in regard to and concerning said real property. In due time, the application of petitioners came on regularly before the court for hearing, and was submitted for decision upon the petition and answer thereto and the other papers on file in the matter of said estate. No other evidence was offered by either party, and thereupon the court made the order appealed from, reciting therein that "the court having fully heard and examined the proofs, and it appearing to the satisfaction of the court upon such hearing that it is necessary that the real estate of said deceased, hereinafter described, be sold for the payment of the debts outstanding against said decedent, the expenses and charges of administration, and the legacies of the said will and testament of said deceased," etc.

The contention of appellant is that no proof was offered to sustain any of the allegations of the petition, and hence the court erred in making the order. The learned counsel then specifically enumerates nearly all the averments of the petition, and says that no proof was offered in support thereof.

The answer to this contention is that none of the averments referred to were denied by appellant, and they were therefore deemed admitted to be true, and no proof in support of them was required. Besides, they were matters which appeared from the papers on file in the case, and to which the attention of the court was called at the time of the submission.

That a sale of the property was necessary to pay the legacies, etc., was not denied; and it clearly appeared that a sale was then, or would be at some future time, necessary for that purpose.

The objection that the sale of the property at the time appointed would cause a loss to the estate of $1,400 in rentals is without merit, as the court could readily see that the interest on the legacies and unpaid debts during a delay of thirty-five months would amount to nearly as much as the rentals. So, the objection that the sale, if made at the time appointed, would cause a loss to the estate and damage to the residuary legatee in the sum of $2,000, by reason of the depreciated value of the property, was a matter to be considered only when a return of the sale should be made, and it should come up for confirmation: Code Civ. Proc., sec. 1552 et seq. So, too, the objection that the executrix had no right to violate the terms of the lease by a sale of the property before the lease expires finds no support in the record. It does not appear that there was any provision in the lease prohibiting a sale of the property during its term, or that the sale ordered was not to be made subject thereto. We find in the record no valid ground for reversal, and advise that the order appealed from be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.